IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RA GLOBAL SERVICES, INC. § <br> f/k/a REALAMERICA CO., AND § <br> GEORGE E. BURCH III, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> JONATHAN APPS, ABID C. § <br> HAMID, ANTONY B.B. CANNING, § <br> CAPITALINQ LIMITED, HARPAL § <br> RANDHAWA, GEM § <br> MANAGEMENT LTD., SUNDIP § <br> KUMAR, RA GLOBAL SERVICES § <br> LIMITED, NEW BROAD § <br> STREET SECURITIES LIMITED § <br> AND HUGH FRASER, § <br> § <br> Defendants. § | | Civil Action No. **07-CV-1562-L** |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion for Contempt, filed November 16, 2007. After carefully considering the motion, response, record, and applicable law, the court **denies** Plaintiffs' Motion for Contempt.

**I.   Factual and Procedural Background**

Plaintiffs RA Global Services, Inc., f/k/a RealAmerica Co. ("RA Global") and George E. Burch III ("Burch") (collectively, "Plaintiffs") filed an Emergency Motion for Extension of Temporary Restraining Orders on September 14, 2007, asking the court to honor and extend two temporary restraining orders ("TROs") issued by the state court. The court granted Plaintiffs' request and extended the TROs until October 23, 2007. By extending the TROs, the court sought

**Memorandum Opinion and Order- Page 1**

to preserve the status quo of the dispute while it evaluated Defendants GEM Management Limited, Harpal Randhawa, and Sundip Kumar ("Defendants") Motion to Dismiss. The court subsequently modified its order and extended the TROs until December 6, 2007. On December 6, 2007, the court granted Defendants' Motion to Dismiss.

Plaintiffs do not contest the court's dismissal of the case for lack of personal jurisdiction. Plaintiffs allege that Defendants violated the terms of the TROs by exercising control over Intergulf Oilfield and Marine Services, LLC and Intergulf Oilfield Marine Services FZE ("IGOMS") and that they should be held in contempt for their actions. Defendants argue that the court lacks jurisdiction to hold them in contempt for violating the court order and that the lack of personal jurisdiction renders any violation of a previous or current court orders moot. In the alternative, Defendants argue that they cannot be held in contempt because they did not violate the TROs.

## II. Analysis

RA Global moves to hold Defendants in civil contempt for violating the terms and conditions of the TROs prior to the court's determination that it lacked personal jurisdiction over Defendants. Defendants argue that the court cannot hold them in contempt and that even if it could, their actions did not violate the TROs.

### A. Contempt of Court

RA Global argues that Defendants may be held in contempt because they violated the terms of the TROs by exercising or attempting to exercise control over the disputed property prior to the court's determination of the jurisdiction issue. Defendants contend that the court's lack of personal jurisdiction renders any alleged violation of the TROs moot.

**Memorandum Opinion and Order- Page 2**

In general, a party who disobeys an invalid court order may be punished on contempt grounds. *U.S. v. Revie*, 834 F.2d 1198, 1204 (5th Cir. 1987), *cert. denied*, 487 U.S. 1205 (1988). "An important exception to this rule arises when the issuing court lacks jurisdiction to give the order; in such circumstances, a party may willfully disobey the order without fear of contempt sanction." *Id*; *See also United States v. Dickinson*, 465 F.2d 496, 511 (5th Cir. 1972) ("Of course, the rule that unconstitutional court orders must nevertheless be obeyed until set aside presupposes the existence of at least three conditions: (i) the court issuing the injunction must enjoy subject matter and personal jurisdiction over the controversy. . . ."), *cert. denied*, 414 U.S. 979 (1973). This exception, however, also has an exception. Pending a determination of the jurisdiction issue, a court has the power to issue temporary retraining orders to maintain the status quo. *United States v. United Mine Workers*, 330 U.S. 258, 292 (1947); *Stewart v. Dunn*, 363 F.2d 591, 598 (5th Cir. 1966). If Defendants violate these temporary retraining orders, they, "in making their private determination of the law, act[] at their peril. Their disobedience is punishable as criminal contempt." *United Mine Workers*, 330 U.S. at 292; *See also National Mar. Union v. Aquaslide 'N' Dive Corp.*, 737 F.2d 1395, 1400 (5th Cir. 1984) (upholding criminal contempt conviction, but not civil contempt liability, for violation of injunction that was ultimately invalidated for lack of jurisdiction).

In civil contempt proceedings such as this, however, "[t]he right to remedial relief falls with an injunction which events prove was erroneously issued and a fortiori when the injunction or restraining order was beyond the jurisdiction of the court." *United Mine Workers*, 330 U.S. at 295; *Aquaslide 'N' Dive Corp.*, 737 F.2d at 1400. Because the court previously determined that it lacks

jurisdiction over Defendants, the TROs issued were beyond the court's jurisdiction. Therefore, Plaintiffs right to remedial relief fell with the TROs, and their motion must be denied.

Moreover, the court may not hold international Defendants in civil contempt in the absence of personal jurisdiction. "The mandate of an injunction issued by a federal district court runs nationwide." *Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985) (internal citation omitted), *cert. denied*, 474 U.S. 1056 (1986). Defendants interpret *Waffenschmidt* to hold that the court's power to enforce injunctions exists only within the United States. *Id*. at 716-17. They argue that this holding does not permit the court to exercise power over international parties without first establishing personal jurisdiction. *Id*. Because Plaintiffs did not file a reply, they offer no arguments to distinguish *Waffenschmidt* from this case. The court finds that the holding in *Waffenschmidt* applies. Accordingly, in the absence of personal jurisdiction over Defendants, enforcement of the court's injunctive powers is limited to the United States, and Plaintiffs' motion must be denied. In light of these holdings, the court does not reach the issue of whether Defendants actions violated the TROs.

### III.    Conclusion

For the reasons herein stated, the court finds that Plaintiffs right to remedial relief fell with the TROs and its injunctive powers are limited to the United States. Accordingly, the court **denies** Plaintiffs' Motion for Contempt.

**It is so ordered** this 1st day of July, 2008

Sam A. Lindsay
United States District Judge